IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

BRENDON BROPHY
306 Berry Street
Mount Joy, PA 17552

         Plaintiff,

v.

THE HARTLEY DOERING GROUP, INC. d/b/a
ROSSMOYNE ANIMAL EMERGENCY
TRAUMA CENTER
4930 Ritter Road, Suite 101
Mechanicsburg, PA 17055

         Defendant.

Civil Action No.:_____

**JURY TRIAL DEMANDED**

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Brendon Brophy ("Plaintiff"), by and through his undersigned attorney, for his Complaint against the Hartley Doering Group, Inc. d/b/a Rossmoyne Animal Emergency Trauma Center ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action contending Defendant interfered with and violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Pennsylvania common law, and ultimately terminated his employment in retaliation for his attempts to exercise those rights in violation of the same. As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2. Plaintiff, Brendon Brophy is a citizen of the United States and Pennsylvania and currently maintains a residence located at 306 Berry Street, Mount Joy, PA 17552.

3. Defendant, the Hartley Doering Group, Inc. d/b/a Rossmoyne Animal Emergency Trauma Center, is a corporation existing under the law of the Commonwealth of Pennsylvania

with a principal place of business located at 4930 Ritter Road, Suite 101, Mechanicsburg, PA 17055.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about December 12, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 29 U.S.C. § 621, *et seq*. Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2018-01268. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated August 11, 2018, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

7. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant resides in this judicial district, doing business therein.

## FACTUAL BACKGROUND

10. Paragraphs 1 through 9 are hereby incorporated by reference as though the same were fully set forth at length herein.

11. On or about July 22, 2015, Defendant hired Plaintiff to work as a Veterinarian.

12. Upon information and belief, Plaintiff was hired at Defendant's trauma center to tend to the emergency and critical care needs of small animals.

13. Throughout the duration of his employment, Plaintiff performed his job well, receiving no discipline, positive reviews, occasional praise for his work, and even a promotion.

14. Upon information and belief, in or around October 2015, Plaintiff was promoted to the position of Medical Director at Defendant's facility.

15. At all times relevant hereto, Defendant employed fifty (50) or more employees at or within seventy-five (75) miles of Plaintiff's worksite.

16. Plaintiff worked at least twelve hundred and fifty (1,250) hours for Defendant during the twelve (12) month period immediately preceding his entitlement to protected medical leave.

17. On or about April 1, 2017, Plaintiff discovered a head technician at Defendant's facility, Bobbie Ditzler ("Ms. Ditzler"), illegally used his medical license to order prescription medication for herself.

18. Upon confirming his license was used without his permission, Plaintiff immediately informed his supervisor, Meg Weil ("Ms. Weil"), of the incident.

19. As a result of this breach, Plaintiff became distraught.

20. In fact, Plaintiff was so upset by the illegal use of his license that he suffered a panic attack while at work.

21. A few days later, on or about April 3, 2017, Plaintiff was seen by his primary care physician who diagnosed him with anxiety, acute anxiety attacks, and gastritis.

22. As a result, Plaintiff's physician recommended he remain home from work for a period of six (6) weeks in order to recover and be reevaluated.

23. Plaintiff immediately followed up with Defendant, providing the necessary medical documentation and paperwork to Ms. Weil.

24. Upon information and belief, Ms. Weil approved Plaintiff's medical leave of absence to care for his serious health condition(s).

25. Thereafter, Ms. Weil also confirmed to Plaintiff that Mike Doering ("Mr. Doering"), a co-owner and manager, and MJ Potter ("Mr. Potter"), one of Defendant's veterinarians, also illegally ordered drugs using Plaintiff's medical license for their personal use.

26. Following Plaintiff's request for medical leave, Defendant began treating him differently.

27. For example, on or about April 12, 2017, Plaintiff attempted to inform his co-workers of a fellow veterinarian's passing on the company's employee Facebook page only to find the administrator blocked him.

28. Then, on or about May 9, 2017, Plaintiff received an email from a co-worker that showed he was permanently removed from the schedule at Defendant's facility and his replacement had already been hired.

29. Two days later, on or about May 11, 2017, Plaintiff received a letter from Defendant stating he was terminated for being on disability for over thirty (30) days, in violation of his employment contract.

30. The employment contract specifically states Defendant may terminate Plaintiff for cause if during a period of "twelve (12) consecutive months" Plaintiff is "not able to perform fulltime work for thirty (30) days in an employment year" due to his disability.

4

31. As such, upon information and belief, this provision of Plaintiff's employment contract is a *per se* violation of the ADA.

32. Plaintiff's aforementioned conditions constitute both serious health conditions under the FMLA, and disabilities within the meaning of the ADA, in that these conditions substantial impaired one or more of Plaintiff's major life activities, such as his ability to think, concentrate, and sleep.

33. As such, Defendant failed to engage in the interactive process to determine a reasonable accommodation, which would have permitted Plaintiff to perform the essential functions of his job, in violation of the ADA.

34. It is believed and therefore averred Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, and in retaliation for his request for an accommodation in connection thereto.

35. It is further believed and therefore averred Defendant terminated Plaintiff's employment because he exercised his right to protected leave to seek treatment for his serious health condition.

36. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101 *et. seq.*
## DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE

37. Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act of 1990.

39. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

40. Plaintiff's anxiety, acute anxiety attacks, and gastritis limited his ability to engage in major life activities, including thinking, concentrating, and sleeping.

41. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

42. Plaintiff's request for medical leave for the above-mentioned condition(s) constituted a request for a reasonable accommodation.

43. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees has violated the ADA by terminating Plaintiff's employment because of his actual and/or perceived disabilities and request for a reasonable accommodation in connection thereto.

44. It is further alleged that, by reasons of the foregoing, Defendant unlawfully failed to provide reasonable accommodations for Plaintiff's disabilities.

45. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

6

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances;

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable federal law.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## INTERFERENCE AND RETALIATION

46. Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47. Defendant is a "covered employer" within the meaning of the FMLA.

48. Plaintiff was an "eligible employee" under the FMLA and was entitled to twelve (12) weeks of protected, unpaid leave to care for his serious medical condition.

49. Defendant violated the FMLA by: (a) using Plaintiff's FMLA-qualifying medical leave as a negative factor in its decision to terminate Plaintiff's employment, (b) by terminating Plaintiff because of his FMLA-qualifying leave request; and (c) by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for attempting to exercise his rights under the FMLA.

50. The aforementioned actions constitute both interference and retaliation violations of the FMLA.

51. Plaintiff has, because of Defendant's wrongful termination of his employment, been unable to obtain other employment, has suffered significant wage losses and loss of potential bonuses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Liquidated damages;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## PENNSYLVANIA WORKER'S COMPENSATION ACT/
## WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW
## 77 P.S. § 1-1031 *et seq.*
## RETALIATION

52. Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53. At all times relevant hereto, Defendant was subject to the provisions of the PWCA.

54. Plaintiff suffered a work-related injury and requested workers' compensation benefits connected thereto.

55. As a result of Plaintiff's workplace injuries set forth above, Plaintiff filed a petition for worker's compensation benefits against Defendants.

56. The PWCA, in pertinent part, prohibits an employer from taking any adverse employment action against an employee in retaliation for that employee exercising his right to file a petition for worker's compensation benefits thereunder.

57. It is believed and therefore averred that Defendant unlawfully violated Pennsylvania's Worker's Compensation Law and/or the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatory terminating Plaintiff's employment because of Plaintiff's claim for benefits under Pennsylvania's Worker's Compensation Law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b) Compensatory, exemplary, and/or punitive damages;

c) Pre-judgment interest in an appropriate amount; and

d) Such other and further relief as is just and equitable under the circumstances;

e) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issue so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: November 6, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to the same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.